

FILED
JUN 06 2005
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK BAUMGARTNER,<br><br>Plaintiff,<br><br>vs.<br><br>FARMLAND MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Civ. #05-4078<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, Patrick Baumgartner, by and through his counsel of record, and for its causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a diversity suit to recover underinsured motorists coverage (UIM) brought by Plaintiff Patrick Baumgartner against Defendant Farmland Mutual Insurance Company ("Farmland Insurance"). Baumgartner was severely and permanently injured in an automobile accident that occurred within the scope of his employment with Broin & Associates, Inc. He exhausted the minimal limits available on the policies of the tortfeasor and vehicle responsible for the accident, and now seeks to be made whole pursuant to the underinsurance coverage available to him as an insured under his employer's policy with Farmland Insurance.

## PARTIES

1. Plaintiff Patrick Baumgartner is a citizen of the State of South Dakota and resident of Minnehaha County.

2. Upon information and belief, Defendant Farmland Mutual Insurance Company is a corporation duly organized and existing under the laws of the State of Iowa, with a principal

place of business located at 1963 Bell Avenue, Des Moines, Iowa, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota. Farmland Insurance is an affiliated company of Nationwide Mutual Insurance Company, an Ohio mutual insurance company with its principal place of business in Columbus, Ohio.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. At all times relevant to this action, Plaintiff Patrick Baumgartner was an employee of Broin & Associates, Inc. ("Broin"), a designer and builder of ethanol plants, located in Sioux Falls, South Dakota.

6. Defendant Farmland Insurance provided business auto coverage to Broin and its employees pursuant to an insurance policy issued as Policy Number CA 850500A ("the Policy"). *See* Exhibit A. The Policy was renewed, fully paid, effective, and in force from January 1, 2004 through January 1, 2005.

7. The Plaintiff was an insured under the Policy, which provided underinsurance coverage to Broin and its employees, including the Plaintiff, up to a limit of one million dollars ($1,000,000). *See* Exhibits A & B.

8. On March 17, 2004, while the Policy was in force, the Plaintiff was severely and permanently injured in an automobile accident while driving a vehicle owned Broin, and while acting within the scope of his employment. *See* Exhibit C. The accident and the Plaintiff's

resulting injuries and other damages were the fault of Adam Wiersma, who was negligently driving the automobile that struck and injured the Plaintiff. The collision was solely and proximately caused by Wiersma's negligence. Wiersma subsequently pled guilty to a citation filed against him as a result of the accident.

9. The tortfeasor and the vehicle that he was driving were underinsured. Adam Wiersma had personal liability insurance limits of only $50,000. An additional $100,000 in coverage was available from the policy held by Paul and Glee Wiersma (parents of Adam Wiersma), the owners of the vehicle that struck and injured the Plaintiff. These policy limits were substantially less than any amount reasonably necessary to compensate the Plaintiff for his injuries and other damages sustained in the accident.

10. The limits of both policies were tendered to Plaintiff. Pursuant to the procedure detailed in *Schmidt v. Clothier*, 338 N.W.2d 356 (Minn. 1983), Farmland Insurance was placed on notice of the tender of limits and was offered the opportunity substitute its own draft. Plaintiff informed Farmland Insurance that it would allow a credit in the amount of the settlement against any liability which might be found to exist in further proceedings against Wiersma or against Farmland Insurance directly on UIM coverage. Farmland Insurance declined and waived the opportunity to substitute its draft or object to the settlement.

11. On or about September 8, 2004, the Plaintiff accepted the limits on the two policies covering the tortfeasor and his vehicle and entered into a Release and Indemnity Agreement. *See* Exhibit D.

12. The Release and Indemnity Agreement included the following provision: "It is acknowledged by all parties hereto that a policy of underinsurance coverage is in place to supplement the coverage afforded the Baumgartners, issued by Farmland Mutual Insurance

3

Company in the amount of $1,000,000. Nothing in this agreement limits or confines the Baumgartners' access to those benefits. Prior to the release, the said underinsured carrier was put on notice to either substitute its draft (to retain subrogation rights against Releasees hereunder) or to waive those rights. The parties acknowledge that the underinsurer has waived those rights." Exhibit D.

13. The insurance limits received from the policies covering the tortfeasor pursuant to the Release and Indemnity Agreement do not even come close to fully compensating the Plaintiff for his serious and permanent injuries and other damages that he suffered in the automobile accident caused by the tortfeasor's negligence.

14. Plaintiff thereafter made a timely demand on Defendant Farmland Insurance for payment of Plaintiff's uncompensated damages as provided by the terms of the Policy, and Defendant refused and still refuses payment of the demanded sum or any sum that will adequately compensate Plaintiff for his physical injuries and other damages.

## COUNT ONE

15. Plaintiff hereby realleges paragraphs 1-14 and all previous paragraphs and incorporates them as though fully set forth herein.

16. By virtue of its Policy of insurance in effect on March 17, 2004, and Plaintiff's status as an insured under the policy, Defendant Farmland Insurance is contractually obligated to pay Plaintiff underinsured motorist benefits as a result of the automobile accident caused by the tortfeasor that occurred while the Plaintiff was driving a vehicle owned by Broin within the scope of his employment with Broin.

17. Defendant Farmland Mutual Insurance breached its duty to pay Plaintiff underinsured motorist benefits pursuant to the Policy.

4

18.     Defendant's breach of its duties under the Policy has resulted in substantial damages to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1.  For judgment against the Defendant in an amount to be determined by the jury that will fully compensate Plaintiff for the severe and permanent injuries and all other damages that he has sustained;

2.  For prejudgment and post-judgment interest;

3.  For costs and disbursements herein; and

4.  For such other and further relief as the Court deems just and equitable.

Dated this 6th day of June, 2005.

                                          **JOHNSON, HEIDEPRIEM, MINER MARLOW & JANKLOW, LLP**

                                          BY _____
                                              Scott N. Heidepriem
                                              Scott A. Abdallah
                                              Ronald A. Parsons, Jr.
                                              P.O. Box 1107
                                              Sioux Falls, SD 57101-1107
                                              (605)338-4304

                                              *Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

                                              _____
                                              Scott N. Heidepriem